## EL PASO AND SOUTHWESTERN RAILROAD COMPANY *v.* VIZARD.

### ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 31.   Argued November 30, December 1, 1908.—Decided January 4, 1909.

In this case *held* that the court below correctly charged the jury as to the law governing the duty of the master to furnish a safe place, machinery and tools, and the duty of the employé to take reasonable care of himself, and the judgment in favor of the employé affirmed.

DEFENDANT in error, plaintiff below, was a brakeman in the employ of the railroad company, plaintiff in error, and on February 22, 1904, was injured while in the performance of his duties as brakeman.  He brought suit for $25,000 in the District Court of El Paso County, Texas, charging negligence on the part of the company.  Subsequently he amended his petition by adding the allegation that the car, in getting on to which he was injured, was used in interstate shipment, and that the cause of the injury was a lack of hand holds and grab irons required by the safety appliance statute of the United States. Thereupon the railroad company removed the case to the Circuit Court of the United States for the Western District of Texas.  A trial was had in April, 1906, which resulted in a judgment for $6,000.  This judgment was affirmed by the Court of Appeals, and from that court brought here on error.

*Mr. J. F. Woodson*, with whom *Mr. Millard Patterson* was on the brief, for plaintiff in error:

If the water car was equipped with hand holds and a stirrup

on the front right hand corner for plaintiff's use, and he ignored the same and attempted to mount the car as he says he did, he was guilty of negligence or assumed the risk, and could not recover. *American Linseed Oil Co.* v. *Hines,* 141 Fed. Rep. 45, 50; *Gilbert* v. *Burlington, C. R. & N. Ry. Co.,* 128 Fed. Rep. 529, 539; *Morris* v. *Duluth S. S. & A. R. R. Co.,* 108 Fed. Rep. 747, 750; *Dawson* v. *C., R. I. & P. Ry. Co.,* 114 Fed. Rep. 870, 872; *Weed* v. *C., St. P., M. & O. Ry. Co.,* 99 N. W. Rep. 828; *Montgomery* v. *C. G. W. Ry. Co.,* 83 S. W. Rep. 66, 67; *B. & P. R. R. Co.* v. *Jones,* 95 U. S. 439, 443; *Suttle* v. *Choctaw, C. & G. R. R. Co.,* 144 Fed. Rep. 668, 669; Wood on Master & Servant, § 402.

An employé ignoring devices and appliances provided for his use and undertaking to do his work by an unnecessarily dangerous way, if injured, is guilty of contributory negligence.

A servant cannot recover of the master for injuries resulting from the use of appliances for a purpose for which they are not intended by the master, and for which it is not necessary that they should be used, however defective the appliances may be, and in undertaking to use an appliance for a purpose for which it is not intended by the master, the servant takes upon himself the risks incident to such use.

*Mr. W. H. Robeson,* with whom *Mr. George E. Wallace* was on the brief, for defendant in error:

The court properly left the question of defendant's negligence, and plaintiff's contributory negligence, to the jury. *Railway Co.* v. *Cox,* 145 U. S. 593; *Jones* v. *Railway Co.,* 128 U. S. 443; *Dunlap* v. *Railway Co.,* 139 U. S. 649; *Tolson Case,* 139 U. S. 551; *Railway Co.* v. *Adams,* 94 Texas, 106; *Balhoff* v. *Railway,* 65 N. W. Rep. 593; *Donahu* v. *Railway,* 176 Massachusetts, 251.

Where the plaintiff's injury was caused by an act on his part which the law regards as negligence *per se,* he cannot excuse his contributory negligence by proof of the custom on the part of others to do the same act in the same way. But where an act is not negligence *per se,* the plaintiff, to rebut a charge of

contributory negligence, may introduce evidence of general custom among persons experienced in the performance of the same act, under similar circumstances to perform it as he did. 29 Am. & Eng. Ency. of Law, 418; *Choctaw Railway Co.* v. *Tennessee*, 191 U. S. 328; *Railway* v. *Waller*, 65 S. W. Rep. 212; *Railway Co.* v. *Beam*, 50 S. W. Rep. 411; *Railway Co.* v. *Puente*, 70 S. W. Rep. 362; *Railway Co.* v. *Clark* (Ky.), 55 S. W. Rep. 699; *Railway Co.* v. *Zink* (Pa.), 17 Atl. Rep. 614; *Railway Co.* v. *Milliken* (Ky.), 51 S. W. Rep. 796; *Martin* v. *Railway Co.* (Ky.), 26 S. W. Rep. 801; *Railway Co.* v. *Hobbs* (Ind.), 29 N. E. Rep. 934; *Railway Co.* v. *Ice Co.*, 49 App. Div. 485; *S. C.*, 63 N. Y. Supp. 535; *Curtis* v. *Railway Co.* (Wis.), 70 N. W. Rep. 665; *Refley* v. *Railway Co.* (Minn.), 75 N. W. Rep. 704; *Railway Co.* v. *Engleham*, 62 S. W. Rep. 561; *Flanders* v. *Railway Co.*, 53 N. W. Rep. 544.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The circumstances of the injury, generally speaking, were these: The freight train on which plaintiff was acting as brakeman was directed to stop at Osborne and pick up a water car. This water car was a flat car with a tank on it—a temporary water car. It had an iron hand rail on each side and upright posts, or standards, through which, near the top, the rail extended, on each end of which was supposed to be a nut to hold the rail in position. After the water car and another car on the siding had been coupled to the train the conductor gave the signal to pull out, and as it drew near the switch the water car passed the plaintiff, then standing on the ground. He put his foot on the journal box, reached up and caught hold of the rail near the rear end of the car. It slipped out of the standard, and he fell and was injured. It appears that there was no nut at that end of the hand rail, and the weight of the plaintiff pulled the rail out from the standard. One witness, who examined the car just before as well as after the injury, said that the end of

the hand rail, where the nut ought to have been, was rusty, as though none had been there for some time. Another witness supported him as to the rusty condition of the end of the rail immediately after the accident. There was testimony that plaintiff followed a common way of getting on to such a water car. Indeed, on an open, moving car, a hand rail running through standards on the side and within easy reach, would naturally suggest doing just what the plaintiff did. It certainly could not be declared, as matter of law, negligence. On the part of the defendant there was testimony that this car had a hand hold on the standard at the front end of the car, such as is required by the statute of the United States, that the company had an experienced inspector, who stated that he had inspected the car the day before the injury, found one nut gone and replaced it, and that the car otherwise was in good condition.

This outline of the testimony is all that is sufficient, although there was quite a volume on both sides of the matters referred to. The court charged the jury as to the law governing the case, both in respect to the duty of the master to furnish a safe place, machinery and tools, and the duty resting upon the employé of taking reasonable care of himself, following in the instructions the rules so often stated by this court. *Hough* v. *Railway Company,* 100 U. S. 213; *Northern Pacific Railroad* v. *Herbert,* 116 U. S. 642; *Baltimore & Ohio Railroad* v. *Baugh,* 149 U. S. 368, 386; *Union Pacific Railway* v. *Daniels,* 152 U. S. 684; *Northern Pacific Railroad* v. *Babcock,* 154 U. S. 190. Without reviewing the various instructions in detail, it is enough to say that they clearly presented the matters in dispute and stated the law applicable thereto correctly. The verdict of the jury, approved as it was by the trial and appellate courts, settles the disputed questions of fact.

Under these circumstances it does not seem necessary to notice in detail the several objections pointed out in the very elaborate argument of counsel for the railroad company. A careful examination discloses no error in the proceedings. The

plaintiff was injured, and the questions of his care and the company's negligence were fully and fairly submitted to the jury.

The judgment of the Court of Appeals is

*Affirmed.*