ATLANTIC COAST LINE R. CO. v. LINSTEDT.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1910.)

No. 907.

1. APPEAL AND ERROR (§ 1050*)—ADMISSION OF EVIDENCE—PREJUDICE—MATERIALITY.

Where plaintiff, a switchman, alleged injury because of the use of a road tender on a switch engine, and it appeared that on the night of the injury the road tender had been placed on the switch engine in an emergency only, evidence that the tender was put out of commission the same night after the injury, and her number painted over, was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

2. APPEAL AND ERROR (§ 501*)—EXCEPTIONS.

A recital of the words "excepted to, admitted, exception noted," in the record following the answer to a question objected to, does not show a proper and timely exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

3. EXCEPTIONS, BILL OF (§ 24*)—FORM—SINGLE BILL.

It is improper to embrace all the proceedings at the trial, including objections to testimony, motion for nonsuit, and to instruct a verdict, objections to instructions offered and refused to the court's charge, and orders for extension of time to file exceptions, in a single general bill of exceptions.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 31; Dec. Dig. § 24.*]

4. EXCEPTIONS, BILL OF (§ 8*)—CONTENTS—ADMISSION OF EVIDENCE—OBJECTIONS.

Where a bill of exceptions contained an objection to the admission of testimony, the grounds of objection should be stated.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 10; Dec. Dig. § 8.*]

5. MASTER AND SERVANT (§§ 101, 102, 205*)—INJURIES TO SERVANT—DUTY OF MASTER—CARE REQUIRED.

A master is required to furnish instrumentalities reasonably safe and suited to the business, and the employé is entitled to assume that such duty has been complied with.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 172, 180–184, 547–549; Dec. Dig. §§ 101, 102, 205.*

Assumption of risk incident to employment, see note to 38 C. C. A. 314.]

6. MASTER AND SERVANT (§ 153*)—INJURIES TO SERVANT—INEXPERIENCED SERVANT—WARNING.

Where an inexperienced servant is employed, the master is bound to warn him against special hazards or dangers in connection with the employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. MASTER AND SERVANT (§ 150*)—INJURIES TO SERVANT—ASSUMED RISK.

As a servant is bound to assume the risks ordinarily incident to the employment, the master is entitled to assume that he will act prudently and not unnecessarily expose himself to dangers apparent or which he could avoid, and that he will do nothing heedlessly to bring about his own injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 299–301, 305–307; Dec. Dig. § 150.*]

8. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—ASSUMED RISK—RAILROADS—OPERATION.

Where a switchman employed by a railroad company to work in connection with a switch engine equipped with a road tender was injured, and the safety and suitableness of such appliance was in issue, as well as plaintiff's inexperience and lack of knowledge, defendant could not as a matter of law dispute plaintiff's right to recover because the danger of riding on a brake beam as plaintiff did was apparent; it being essential, also, that it conclusively appear that plaintiff not only apprehended the danger, but appreciated the particular peril or hazard incurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

9. MASTER AND SERVANT (§§ 286, 288*)—INJURIES TO SERVANT—QUESTION FOR JURY.

In an action for injuries to a switchman while attempting to perform his duties with an engine improperly equipped with a road tender, evidence *held* to require submission of the issues of defendant's negligence and plaintiff's assumed risk to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050, 1068–1088; Dec. Dig. §§ 286, 288.*]

10. APPEAL AND ERROR (§ 1005*)—REVIEW—QUESTIONS OF FACT.

Where a verdict has been returned for plaintiff based on disputed questions of fact, and has been approved by the trial judge, the Court of Appeals will not disturb the judgment entered thereon, particularly on review of an order denying a motion to withdraw the case from the jury, or to set aside the judgment rendered on the verdict of the jury, where the view of the testimony most favorable to the plaintiff must be taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3948–3954; Dec. Dig. § 1005.*]

In Error to the Circuit Court of the United States for the District of South Carolina, at Columbia.

Action by George W. Linstedt, an infant, by A. C. Linstedt, guardian ad litem, against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

P. A. Willcox, Moss & Lide, and Henry E. Davis (Willcox & Willcox, on the brief), for plaintiff in error.

William H. Townsend and Thomas M. Raysor (Raysor & Summers, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and WADDILL and CONNOR, District Judges.

WADDILL, District Judge. This is a writ of error to a judgment of the United States Circuit Court for the District of South Carolina against the plaintiff in error in favor of the defendant in error. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, who sues by guardian ad litem, while in the service of the defendant company as a switchman on one of its yard engines at Florence, S. C., sustained injuries resulting in the loss of one of his legs, and to recover damages therefor instituted this suit in the court of common pleas for the county of Orangeburg, S. C., which was subsequently removed for trial to the United States Circuit Court for the District of South Carolina. The case was tried in the federal court at Columbia, and resulted in a verdict of the jury on the 14th of January, 1909, in favor of the plaintiff for $3,500, upon which the court on the 10th of April, 1909, entered judgment against the defendant, having two days previously overruled a motion for a new trial. The assignments of error relate solely to a ruling of the court in admitting certain testimony, and its refusal to direct a nonsuit and to instruct a verdict for the defendant at the close of all the evidence. The assignments will be considered in the order named.

First. The admission of the testimony excepted to, as far as we can judge from the record, was proper, the same was not particularly material, and clearly not prejudicial to the defendant under the facts of this case. The inquiry was as to what became of the engine, evidently meaning the tender, on which plaintiff received his injury, and the reply was that it was put out of commission that night. Excepted to, admitted, exception noted. To the next question the witness replied the tender was taken off after that, and then that the number on the tender was painted over, etc. This all might have been important, and perhaps prejudicial to the defendant, upon a different state of facts from those in this case. Here, however, the tender was a road, and not an ordinary switch tender, properly equipped as such, and was being temporarily used on yard engine 108, in an emergency arising from the necessity for some repairs to the shifter's tender. There was nothing, therefore, in the suggestion of the discontinuance of the road engine's tender, after the accident. Its continued use was not contemplated, and, as to the change in its number later, it was utterly immaterial what was done with it as a road tender, and there was no pretense that it was regularly or properly equipped as a shifting tender, so far as the portion thereof is concerned, from which this accident is alleged to have occurred. We do not observe any error in the ruling complained of; but, if such there be, it should not avail the defendant upon this record, as clearly the exception was not properly and timely taken. On the 20th of March, 1909, within the time allowed for filing bills of exception and assignments of error, the court signed one general bill of exceptions, containing the proceedings of the trial, all the testimony, objections noted during the trial, motion for nonsuit, and to instruct a verdict for the defendant, instructions offered, given and refused, the court's charge, and the two orders of extension of time to file exceptions. Clearly these should not have been included all in a single exception, and grounds for the objection to the testimony should have been stated. Boston & Albany R. R. Co. v. O'Reilly, 158 U. S. 334–335, 15 Sup. Ct. 830, 39 L. Ed. 1006, and cases cited.

Second. The remaining assignment involves the merits of the case; that is, did the court err in not taking the case from the jury,

and was there sufficient testimony to support the verdict, and the judgment of the court rendered thereon. A statement of just what the case is as stated in the pleadings, and a summary of the testimony adduced by the parties, respectively, will go far to enable us to correctly determine these questions. Plaintiff's case briefly is that he was a minor, in the service of the defendant as a switchman on a yard engine, and on the 27th of June, 1907, while so employed, it became necessary for him to board an engine and tender of the defendant company, and that by defendant's negligence, while boarding the same, he was thrown or fell under the wheels of the tender, and sustained serious injuries, resulting in the loss of one of his legs, and that the defendant company at the time was negligently "operating an improperly equipped and defective engine and tender for shifting cars; in failing to have a headlight or white lights on the end of the said tender while being so operated in shifting cars on a dark and rainy night; in operating said engine and tender without proper lights on a dark and rainy night, and without steps, foot boards, or any safe or proper means to get on and off the same. it being the duty of the said George W. Linstedt, in the line of his employment, as such switchman, to get on the said engine and tender and ride to the switch to be opened and then to get off the same and open the switch; and in requiring the said George W. Linstedt to perform the duties of a switchman on a dark and rainy night on an engine and tender which the defendant knew or ought to have known was improperly equipped and defective for shifting purposes, without proper lights and without steps, foot boards, or any safe and proper means for getting on and off the same."

The defendant, controverting the fact of the injury of the plaintiff, said:

"(4) Answering paragraphs 5, 6, on information and belief, it denies the truth of each and every allegation contained therein, except that it was using a regular engine tender, which had no headlight on the rear, with its engine; that it was the duty of the plaintiff in his employment to get on and off said engine or tender, but it was his duty to do so only when and where he could safely get on or off; and that plaintiff fell and had his foot crushed, but defendant has no knowledge or information sufficient to form a belief as to the extent of the injuries sustained, nor the result thereof. Defendant further alleges: That the plaintiff in his said employment assumed the risks incident thereto, including the danger of getting on and off the engine or tender. Second, for a second defense. That even if the defendant was guilty of any act of negligence complained of, which it expressly denies, yet, on information and belief, alleges that the injuries complained of were caused through the fault and negligence of the plaintiff himself, in that he attempted to mount the tender by means of the brake beam which was an apparently and known unsafe and dangerous thing to do, and in negligently handling the hand lantern which furnished him light so as to obscure his vision, which said acts of negligence on the part of the plaintiff contributed to and were the direct and proximate cause of the said injuries."

The case thus stated on the plaintiff's part is that he sustained his injuries by the gross negligence of the defendant, and because of its failure, in the particulars indicated, to furnish proper, safe, and suitable appliances for the business in hand, and the defendant's, that its appliances were reasonably sufficient for the work, and that the plaintiff sustained his injury by his own negligence, and by the

improper use of the same, and that the right of recovery should be denied him because of the risk necessarily incident to the business assumed by him, and also because of his own contributory negligence, resulting as a proximate cause of the accident. The facts, are, briefly: That on the 24th of June 1907, the plaintiff took service with the defendant as a switchman on one of its yard engines, at Florence, S. C. That he was on that day put to learn the yard, and instructed as to his duties. On the next day he went regularly to work, and so continued on the 26th, and on the 27th worked until 12 m., and was then relieved until the night turn, came back at 6 o'clock, and worked until about 8:30, when he sustained the injury sued for. That upon returning to work at 6 o'clock he found his engine equipped with a road tender, instead of a yard tender, which was in use temporarily because of the emergency arising from the necessity to make some repairs to the regular yard tender. That a yard tender is equipped with a foot board and white lights on it at either end, with sloping tender top, whereas the road tender does not slope, but is a square tender running straight down, has no rear step or foot board, and on its rear end is the coupling rod and only the ordinary brake beam, and the same was not lighted as a switch tender, but with only a single light, called a "marker," that did not reflect on the brake beam. That plaintiff was the rear switchman, and rode, as was the custom in moving about the yard in the discharge of his duties from switch to switch, and place to place, on the step or foot board on the rear of the tender. That switchmen using a road tender would sometimes ride on the brake beam, which was a risky thing to do, certainly for one not an experienced man. On the occasion in question, a dark rainy night, the plaintiff, with hand lantern in hand, while in the regular discharge of his duty, shifting cars, and going from one switch to another, attempted to ride on the brake beam, as he did on the step to the regular tender by catching hold of the coupling rod, and placing his foot upon the brake beam. As he did so it gave way, his foot slipped, he lost his balance, fell beneath the tender, and was injured. There is no dispute as to the use of this emergency tender, and that it was not equipped as the tender of the regular shifter. The defendant does not admit in its pleading the absence of the foot step, it is true, but the testimony showing its absence, and the presence of the brake beam is uncontroverted, as it also is, that the road tender was only used in an emergency; and the plaintiff's testimony was to the effect that it was unsafe to use it. Plaintiff's evidence showed that it was necessary for him to ride upon the tender and brake beam, whereas the defendant's testimony was that it was customary to so ride on the foot board of the regular yard tender, and that brakemen could and would sometimes ride on the brake beam, that it was a dangerous thing for one not experienced, or accustomed to it, to do, and insists that neither the step nor brake beam should have been used, except when safe and prudent to do so, and that plaintiff was warned against the danger of riding on the brake beam. Plaintiff denies that such warning was given, or that he was instructed as to the danger thereof, or of riding on the foot board. The infancy of the plaintiff being also in issue, the defendant introduced testimony to show that on en-

tering the company's service plaintiff represented himself as of age, and signed an application of employment form so stating. Plaintiff, on the other hand, testified that he was 18 years of age, and called for the employment blank that he signed some 30 days before when seeking work in the defendant's shops, which was not produced, and in its absence introduced a witness who testified that he filled it up, and his age was stated to be 18 in that blank, and plaintiff testified that he informed the company's representative when the first-named blank was signed that he was not 21, and was told it would have to so appear that he was 21, and he said, "Well, put it down so."

The law applicable to this case seems well settled. The defendant was required, and the plaintiff had the right to assume, that the instrumentalities furnished for the work in hand were safe, and reasonably suitable for the business; that, being inexperienced, he would be properly instructed as to the services required of him, and warned against special hazards, or dangers in connection therewith. The plaintiff, on the other hand, assumed the risks ordinarily incident to the employment, and the defendant had the right to assume that he would act prudently, not unnecessarily expose himself to dangers apparent, or which he could avoid, and that he would do nothing heedlessly to bring about his own injury. In a case, as here, however, where the plaintiff bases his right of recovery on the unsafe and defective appliances of the defendant, and sets up his own infancy, and the defendant relies as a defense upon the plaintiff's assumption of risk and contributory negligence, and the plaintiff's inexperience, and the defendant's failure to instruct him in his duties, or properly warn him against unusual danger or hazard incident thereto appearing, then, in such case, it at once becomes material to determine whose negligence really brought about the disaster, that of the plaintiff in not properly performing the duties required of him, or the defendant in failing to perform some duty imposed upon it, which can only be ascertained from a full consideration of all the facts and circumstances surrounding the occurrence; and the jury is the proper tribunal to settle disputed issues of fact thus arising, if any there be, as in any other case.

The defendant cannot as a matter of law defeat the right of the plaintiff to recover merely because the danger of riding on a brake beam was apparent, if the safety and suitableness of the same as an appliance was in issue, and the inexperience, lack of knowledge, and failure of warning to the plaintiff was also present. In such case, involving neglect by the master of the primary duties imposed upon him, it must be made to affirmatively appear that the servant not only apprehended danger thus arising from the master's neglect, but that the particular peril or hazard was appreciated by him. Authorities to support these views might be given almost without number. Butler v. Frazee, 211 U. S. 459, 466, 467, 29 Sup. Ct. 136, 53 L. Ed. 281, an opinion by Mr. Justice Moody, will be found to contain a particularly interesting discussion of the subject, with citation of authorities. Also, El Paso R. R. Co. v. Vizard, 211 U. S. 608, 610, 611, 29 Sup. Ct. 210, 53 L. Ed. 348; Gardner v. Michigan Central R. R. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107. The last

two cases involve injuries to railroad employés—in the first a conductor who boarded a moving freight car, and sustained injuries by the giving way of the handhold provided for his protection, and in the second, a brakeman at night in going between cars to uncouple them was injured, and the question presented was whether under the circumstances he was in the exercise of due care in so doing, and whether he was aware of a special peril arising from a defective roadbed. In the first case the Supreme Court approved a verdict in favor of the plaintiff, and in the second reversed the action of the lower court for taking the case from the jury. National Steel Co. v. Hore, 155 Fed. 62, 83 C. C. A. 578, a decision of the Circuit Court of Appeals for the Sixth Circuit, an opinion by Judge Lurton, and American Sheet & Tin Plate Co. v. Urbanski, 162 Fed. 91, 89 C. C. A. 91, a decision by Judge Gray, concurred in by Mr. Justice Moody, sitting in the Court of Appeals, will be found instructive and especially applicable to the more important features of this case.

We do not consider it necessary to enter upon a general discussion of the authorities cited by appellee's counsel, as we feel bound by those given; but such decisions have been fully considered, and do not change the views herein expressed. The argument is made with some earnestness that we should be controlled by the laws of South Carolina. This is not our understanding of the law in a case like this. In the absence of organic or statutory enactment (Gardner v. Mich. Cen. R. R., 150 U. S. 349, 358, 14 Sup. Ct. 140, 37 L. Ed 1107, supra), we follow the general law on the subject, which, however, as respects the crucial questions in controversy in this case, we do not understand to be different from the decisions of South Carolina.

Just when, and when not, issues of fact in cases of this character should be withdrawn from the jury, seems now too well settled in the federal practice to admit of serious controversy. "The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusions from them, or, in other words, a case should not be withdrawn from the jury unless the conclusion follows as a matter of law, that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish." Gardner v. Mich. Cen. R. R. Co., 150 U. S. 349, 361, 14 Sup. Ct. 140, 144, 37 L. Ed. 1107, supra; Kreigh v. Westinghouse, Church, Kerr & Co., 214 U. S. 249, 258, 29 Sup. Ct. 619, 53 L. Ed. 984.

In this case disputed questions of fact having arisen as to the suitableness and safety of the appliances furnished by the defendant to the plaintiff, with which to perform the services required of him, and the necessity for the use thereof by plaintiff when injured, as well as over the plaintiff's capacity properly to perform the service in hand, in the light of his youth, knowledge and experience, and whether, because thereof, and from lack of instruction and proper warning, he either did not know of the danger in which he was placed, or, if apprehended, it was not appreciated by him, and as to all of which there was considerable conflict in the testimony, it was manifestly proper for the trial court to overrule the motion for nonsuit, and to

instruct a verdict for the defendant, and to submit the same to the jury under proper instructions as to the law applicable to the case, which was done, with such degree of fairness to the defendant, that no objection thereto was made by it, though the plaintiff excepted to the rejection of sundry requests for charge to the jury asked for by him. Under these circumstances, a verdict having been returned for the plaintiff, which has met with the approval of the trial judge who saw and heard the witnesses testify, and was therefore peculiarly able to judge of the weight that should have been given by the jury to their several statements, this court would not be justified in disturbing the judgment thus entered, particularly on a motion to either withdraw the case from the jury, or to set aside a judgment rendered upon the verdict of the jury, when the view of the testimony most favorable to the plaintiff must be taken. Kreigh v. Westinghouse Co., 214 U. S. 249, 253, 29 Sup. Ct. 619, 53 L. Ed. 984, supra.

The judgment of the Circuit Court will be affirmed.